**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JUSTIN TYLER O'QUINN,**

**Petitioner,**

**v.** **CASE NO. 23-3128-JWL**

**JEFF EASTER,**

**Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 filed by Petitioner Justin Tyler O'Quinn. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 2), which will be granted. The Court also has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254[1] Cases in the United States District Courts and will direct Petitioner to show cause why this matter should not be dismissed in its entirety because the only relief he seeks is not available in a federal habeas action and he fails to state a claim on which federal habeas relief can be granted. The Court notes that Petitioner has a currently pending case under 42 U.S.C. § 1983 that appears related to this habeas matter and the Court will address the interplay between the two cases below.

**Background**

This matter relates to two criminal cases against Petitioner in the district court of Sedgwick County, Kansas.[2] In case number 11CR2794, which is hereinafter referred to as "the 2011 case,"

[1] Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. *See* Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C.A. foll. § 2254.
[2] Petitioner appears to be currently incarcerated under a sentence imposed in a third criminal case out of Sedgwick

Petitioner pled guilty to two counts of aggravated indecent solicitation of a child and was sentenced to 32 months in prison with lifetime postrelease supervision. *O'Quinn v. State*, 2020 WL 6108419, *1 (Kan. Ct. App. Oct. 16, 2020) (unpublished). Petitioner served his prison sentence and, in June 2015, he was released on postrelease supervision. *Id.*

In February 2016, Petitioner was arrested for violating the Kansas Offender Registration Act. He was held in Sedgwick County jail on this charge, which was filed under case number 16CR194, which is hereinafter referred to as "the 2016 case." *Id.* In February 2017, the district court sentenced him to 24 months in prison in the 2016 case and the 365 days of jail time credit to which Petitioner was entitled was applied to the 2011 case. *Id.* After the sentencing, the Kansas Prisoner Review Board (KPRB) revoked Petitioner's postrelease supervision in the 2011 case. *Id.*

According to Petitioner, the sentence in the 2016 case did not begin until October 2018, at which point he was informed that his release date would be October 2020, excluding any jail credit or good time credit. (Doc. 1, p. 9.) This is supported by the Kansas Court of Appeals' (KCOA) later statement that "[t]he KPRB granted [Petitioner] parole [*sic*] to his 24-month sentence in the 2016 case effective October 1, 2018." *O'Quinn*, 2020 WL 6108419, at *1. In June 2019, Petitioner began challenging the allocation of the jail time credit to his 2011 case, arguing that it should have been applied to his 2016 case. *Id.* After exhausting administrative remedies, he filed a state habeas petition under K.S.A. 60-1501 seeking correction of the jail time credit allocation. *Id.*

The Sedgwick County District Court denied the 60-1501 petition on October 25, 2019. *See* Online Records of the Kansas Appellate Courts, Case No. 122,236. Petitioner appealed and, on October 16, 2020, the KCOA reversed and remanded with directions that the jail time credit in question should be credited to the 2016 case and the credit allocated to the 2011 case should be set

---

County, but the conviction and sentence in that case are not challenged in this habeas matter.

aside. *O'Quinn*, 2020 WL 6108419, at *4. According to the petition now before this Court, however, Petitioner by that time had completed the sentence in the 2016 case and was no longer in the custody of the Kansas Department of Corrections pursuant to that sentence. (Doc. 1, p. 9.)

In early May 2023, Petitioner filed a complaint in this Court pursuant to 42 U.S.C. § 1983 seeking monetary relief for an alleged violation of his civil rights. That case was filed under case number 23-3117-JWL and will hereinafter be referred to as "the civil rights case." *See O'Quinn v. Kelly, et al.*, Case No. 23-3117-JWL. Highly summarized, Mr. O'Quinn alleged in the civil rights case that the jail credit had been improperly allocated, an issue that he asserted "'has been neglected to be resolved as well as the 208 days between 03/2018 to 10/01/2018.'" *See id.*, Doc. 5, p. 1. Plaintiff sought compensatory damages for the time he was allegedly incarcerated beyond his proper release date. *Id.* at 2.

The Court conducted the statutorily required screening that must occur when a prisoner seeks relief under § 1983 from a governmental entity or an officer or employee of a governmental entity. *See id.*; 28 U.S.C. § 1915A(a). During that screening, the Court "must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." *O'Quinn*, Case No. 23-3117-JWL, Doc. 5, p. 2 (citing 28 U.S.C. § 1915A(b)(1)-(2)). On May 5, 2023, the Court issued a Memorandum and Order to Show Cause (MOSC) in the civil rights case, setting forth the standards used in screening and explaining that federal challenges to the calculation of his sentence in his state criminal case must be presented in habeas corpus, not a civil rights action. *Id.* at 4. The MOSC also explained that "before [Petitioner] may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise

called into question," as required by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Frey v. Adams Cty. Court Servs.*, 267 Fed. App'x 811, 813 (10th Cir. 2008) (unpublished). *Id.* at 4.

After further explaining the *Heck* doctrine, the MOSC noted:

> Plaintiff has not alleged that his conviction or sentence has been invalidated. In fact, he claims that his sentence has not been properly calculated to account for his jail credit, and although he "continued to address this issue that has been neglected to be resolved." (Doc. 1, at 2.) Plaintiff must raise his claims regarding the calculation of his sentence pursuant to a petition for writ of habeas corpus under 28 U.S.C. § 2241 after the exhaustion of administrative remedies. The Court will direct the Clerk to send Plaintiff the form for filing such a petition.

*Id.* at 5.

Accordingly, the MOSC directed Petitioner to show good cause why the civil rights case should not be dismissed and it warned him that if he failed to respond by June 5, 2023, the civil rights case could be dismissed for failure to state a claim without further prior notice to him. *Id.* The deadline to respond in the civil rights case has now passed, but Petitioner has filed nothing further in that case. On May 22, 2023,[3] however, Petitioner filed with this Court the pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that began this case. (Doc. 1, p. 8.)

**Initial Screening Standards**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of the Rules authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's

---

[3] "Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019).

advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Discussion**

As Ground One of the petition, Petitioner asserts that because he completed the sentence imposed in the 2016 case before the KCOA ruled on the jail time credit issue, his right to just compensation under the Fifth Amendment to the United States Constitution was violated. (Doc. 1, p. 9.) In Ground Two, Petitioner asserts that the failure to correctly allocate the jail time credit in a timely fashion caused him mental distress, anguish, and the loss of all of his material possessions. *Id.* at 10. He believes that this constituted cruel and unusual punishment, which is prohibited by the Eighth Amendment to the United States Constitution. *Id.* As relief, Petitioner asks this Court to award him "just and reasonable financial compensation due to the mental and financial hardships [he] had to endure." *Id.* at 11.

This habeas matter is subject to dismissal in its entirety because it fails to state a claim on which federal habeas relief can be granted. "A habeas application under 28 U.S.C. § 2241 generally attacks the execution of a sentence rather than its validity. It challenges 'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *Leatherwood v. Allbaugh*, 861 F.3d 1034, 1041 (10th Cir. 2017) (citations omitted). In this matter, Petitioner challenges the execution of the sentence imposed in the 2016 case. But Petitioner is no longer in custody pursuant to that sentence. Thus, even if the Court agreed that Petitioner's sentence in the 2016 case was unconstitutionally executed, it could not order him

released from custody.

Petitioner recognizes this dilemma, noting in his petition that he would have preferred an earlier release date, but he was denied that option because the KCOA's opinion recognizing the misallocation of jail time credit did not issue until after the 2016 sentence was complete. (Doc. 1, p. 11.) Thus, Petitioner seeks financial compensation. *Id.* Unfortunately, money damages are not available as relief in a federal habeas corpus action. As explained in the MOSC issued in the civil rights case, only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of his constitutional rights may he bring a civil rights action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

When the Court considers the information in the current § 2241 petition—some of which, like the existence of the relevant KCOA ruling, was not included in the complaint filed in the civil rights case—it is at least arguable that Petitioner may be able to seek relief under § 1983. It is clear, however, that Petitioner may not obtain monetary damages in this federal habeas matter to compensate him for the misallocation of jail time credit and any resulting unnecessary incarceration on the 2016 sentence. Thus, the Court will direct Petitioner to show cause on or before July 13, 2023, why this matter should not be dismissed for failure to state a claim on which habeas relief can be granted.

In addition, although Petitioner failed to respond to the MOSC in the civil rights case, the Court is hesitant to dismiss that matter in light of its current understanding of Petitioner's circumstances. Thus, the Court will issue an order in the civil rights case allowing Mr. O'Quinn the opportunity to file an amended complaint in that case which corrects the deficiencies identified in the MOSC and includes additional information regarding the KCOA opinion overturning the

jail time credit misallocation, which is necessary to show that he is not barred by *Heck* from bringing a civil rights action.

**Conclusion**

As explained above, the petition currently before the Court does not state a claim on which federal habeas relief can be granted and it seeks only relief that is unavailable in a federal habeas action. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed. If Petitioner successfully does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner. A separate order will be issued in Petitioner's civil rights case allowing him additional time to submit an amended complaint in that action is he wishes to do so.

**IT IS THEREFORE ORDERED** that the motion to proceed in forma pauperis (Doc. 2), is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted to and including July 13, 2023, in which to show cause, in writing, why this matter should not be dismissed for failure to state a claim on which federal habeas relief can be granted. The failure to timely submit a response to this order may result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED: This 13th day of June, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge