IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER O'QUINN,

                                  **Petitioner,**

        v.                                                CASE NO. 23-3128-JWL

**JEFF EASTER,**

                                  **Respondent.**

## MEMORANDUM AND ORDER

      This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Kansas prisoner Justin Tyler O'Quinn, who proceeds in forma pauperis. On June 13, 2023, the Court entered a notice and order to show cause (NOSC) order directing Petitioner to show cause, in writing, why this matter should not be dismissed because the only relief he seeks is not available in a federal habeas action and the petition fails to state a claim on which federal habeas relief can be granted. (Doc. 4.) The matter comes before the Court on Petitioner's response, filed July 13, 2023. (Doc. 6.)

      Even liberally construing the response, as is appropriate since Petitioner proceeds pro se, it contains no information or argument as to why this federal habeas action should not be dismissed. Rather, it reiterates the facts and arguments regarding Petitioner's complaints about his sentence computation and the allocation of jail time credit. (Doc. 6, p. 1-3.) Although 28 U.S.C. § 2241 sometimes may be the appropriate way to challenge the execution of a sentence, the NOSC explained to Petitioner that because he is no longer in custody pursuant to the sentence being challenged, this Court cannot grant habeas relief, which would act to release him from the imprisonment imposed by that sentence. (Doc. 4, p. 5-6.) Moreover, Petitioner seeks only financial

compensation, which—as the NOSC also explained—is not available in a federal habeas action. *Id.* at 6. The response does not allege any information or present any argument that undermines either of these conclusions. Thus, as explained in the NOSC, Rule 4 requires the Court to dismiss this matter because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* 28 U.S.C.A. foll. § 2254.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 14th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge